IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| HANNAH TAGER, | Civ. No. 04-923-HO |
| Plaintiff, | Order |
| v. | |
| COMMISSIONER, Social Security Administration, | |
| Defendant. | |

Plaintiff seeks review of the decision of the Commissioner finding her disabled and entitled to disability insurance benefits (DIB) for the period February 1, 1990, through July 31, 1997.

## Discussion

Plaintiff argues that the ALJ (1) should have reopened her March, 1990, application, (2) effectively did reopen that application, (3) should have found plaintiff disabled as of October 29, 1988, and (4) erroneously found that plaintiff's disability ceased in July, 1997.

Substantial evidence supports the ALJ's conclusion that

plaintiff filed a single prior application in 1989. The ALJ acknowledged that the record refers to 1988 and 1990 applications, but found the references erroneous. (Tr. 484-85). The references consist of hand written comments on an agency facsimile transmission cover sheet dated January 30, 1998 (Tr. 477), plaintiff's hearing testimony (Tr. 747), and (according to plaintiff) a hand written entry on a field office disability report indicating a prior application last decision date of December, 1990 (Tr. 102). The latter document does not indicate the filing date of the referenced prior application. Id. On the other hand, case development worksheets evidence DIB applications filed December 13, 1989, and February 28, 1997, and no others. (Tr. 571-83). The ALJ could infer from the absence of references in these documents to additional applications that plaintiff did not file applications in 1988 and 1990. Further, a March 24, 1997 letter from plaintiff seems to refer to a single prior application. (Tr. 179). After answering "yes" to her attorney's question, "do you remember filing another application in 1990," plaintiff could not recall details of the application. (Tr. 747-48). Because the ALJ permissibly concluded that plaintiff filed no application in March, 1990, plaintiff's arguments that the ALJ should have reopened or effectively did reopen that application are moot.

The case development worksheets also support the ALJ's

conclusions that plaintiff's 1989 application was initially denied in January, 1990, and that plaintiff decided not to pursue reconsideration on the advice of counsel. (Tr. 485, 581-83, 747-48). Plaintiff concedes she waived her appeal rights with respect to one alleged application or another. Compare Pl's Opening Brief at 8 (conceding waiver of appeal rights with respect to alleged October, 1988 application mistakenly identified by ALJ as 1989 application), with Pl's Reply Brief at 1-2 (suggesting plaintiff filed three distinct applications in 1988, 1989 and 1990). Plaintiff points out that a "Decision Input" worksheet appears to list February 7, 1990, as a decision date for plaintiff's 1989 application. (Tr. 572). The evidence can support findings that a prior application was denied in January or February, 1990. In this circumstance, the court must affirm the Secretary's decision through the ALJ that the application was denied in January, 1990. Reddick v. Chater, 157 F.3d 715, 720-21 (9th Cir. 1998). The court therefore cannot find that the ALJ effectively reopened plaintiff's prior application by finding her disabled as of February 1, 1990.

Plaintiff's argument that substantial evidence does not support the ALJ's finding of medical improvement is immaterial. The ALJ noted that plaintiff earned $10,174.61 in 1997. (Tr. 486). Plaintiff concedes that her earnings indicate substantial gainful activity (SGA) in 1997 and 1998. Pl's Brief at 10.

Based on these earnings, the ALJ was not required to demonstrate medical improvement before finding that plaintiff's disability ceased. 20 C.F.R. § 404.1594(d)(5), (f)(1). Plaintiff was not entitled to have the time she performed SGA considered as a trial work period (TWP). A TWP does not begin until a claimant becomes entitled to benefits. 20 C.F.R. § 404.1592(e). A claimant is not entitled to benefits until she proves her right to benefits. 20 C.F.R. § 404.303. Plaintiff did not prove her right to benefits before completing a period of SGA. Plaintiff's arguments that the ALJ erred in evaluating the medical evidence and determining her residual functional capacity after July 31, 1997 are moot.

## Conclusion

Based on the foregoing, the decision of the Commissioner is affirmed.

IT IS SO ORDERED.

DATED this 3rd day of August, 2005.

/s/ Michael C. Hogan
United States District Judge